. No. 2693

Second Circuit

---

WYLY v. MISSOURI PACIFIC RAILROAD COMPANY .

---

(December 11, 1926.  Opinion and Decree.)

---

(*Syllabus by the Editor*)

1.  Louisiana Digest—Appeal—Par. 625.

The finding of the trial court on matters of fact, namely, the killing of a horse and its value, being clearly correct, is affirmed.

Appeal from the Sixth Judicial District Court of Louisiana, parish of East Carroll. Hon. F. X. Ransdell, Judge.

Action by A. J. Wyly against the Missouri Pacific Railroad Company.

There was judgment for the plaintiff and defendant appealed.

Judgment affirmed.

A. J. Wyly, of Lake Providence, attorney for plaintiff, appellee.

R. P. Kennedy, of Lake Providence, Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for defendant, appellant.

WEBB, J.   In this action, which was filed on March 24, 1925, plaintiff seeks to recover judgment against the defendant for the value of a horse alleged to have been killed on April 4, 1924, by one of the trains operated on defendant's line.

The answer of the defendant was, in substance, a general denial.

On trial judgment was rendered in favor of the plaintiff for one hundred and fifty dollars, interest and costs, from which judgment defendant appeals.


OPINION.

The defendant urges that the judgment should be reversed upon two grounds.

1st.  That plaintiff failed to establish by a preponderance of the evidence that a horse belonging to him was killed by a train operated by defendant on the date alleged.

2nd.  That the evidence offered by plaintiff failed to establish the value of the horse.

There were three witnesses who testified that they saw the train strike the animal, and, including the plaintiff, there were four who testified that they saw the animal lying by the side of the track after it had been struck; and there was not any testimony given which directly conflicts with the testimony of the plaintiff's witnesses, unless it can be said to be that of the section foreman who stated that he had passed along the track where the animal was said to have been struck and that he had not seen it.

We do not understand, of course, that it is contended this court should disregard the testimony of the four witnesses for the plaintiff upon the inference which may be drawn from the testimony of the section foreman, but it appears to be contended that the inference to be drawn from the testimony of the section foreman is a link in a chain of circumstances which overcomes the positive testimony of the plaintiff's witnesses.

The other circumstances in the chain are intimated to be that the plaintiff did not make any demand on the defendant for payment other than by suit, which was filed just before the expiration of one year from the date of the accident; that the witnesses for plaintiff could not fix the date on which the animal was struck, and that there was a conflict in their testimony; that the defendant had paid a brother of the plaintiff for an animal said to have been killed on the same date as that on which plaintiff alleges the horse belonging to him had been killed; and that plaintiff admitted that in presenting claims against railroads for others it was his custom to exaggerate the claim.

The plaintiff testified that he had made a demand on the defendant, and while the records of defendant do not show any record of the claim it does not follow that the demand was not made.

Two of plaintiff's witnesses testified that the accident occurred in April, and one, the brother of plaintiff, that it occurred on the 6th or 7th of April (defendant did not plead surprise and ask for the trial to be postponed) and there was also some conflict between the estimates of witnesses as to distances.

The trial was more than a year after the accident and the witnesses could not

be presumed to be accurate as to the date or distances.

The brother of the plaintiff testified that the animal belonging to him and which was killed, was a black mare, and all the witnesses for the plaintiff testify that the animal belonging to plaintiff was a dark bay horse, and the section foreman says the only animals which had been killed by the train at the approximate place and time were a dark bay horse killed in April and a dark bay mare killed in March.

The fact that plaintiff may have exaggerated the amount of the loss in making claims for others, while it may not be the proper method, is not an uncommon practice with those who barter, and we do not think it should be given any weight or considered as a "circumstance", but even if so considered it stands alone.

The testimony of the witnesses does not conflict with itself and there is not any irreconcilable conflict in their statements; they do not state any fact which is impossible, improbable or unreasonable, and we are of the opinion the weight of the testimony is with the plaintiff.

The only evidence in the record as to the value of the animal is that given by a witness who formerly bought and sold horses, and the testimony of the plaintiff, both of whom stated that the animal was worth the sum of two hundred dollars.

If we disregard the evidence of the dealer, who is not shown to have had any knowledge of the animal, we cannot disregard that of the plaintiff.

The plaintiff is shown to be an owner of a plantation, the principal business of the community in which he lives is agriculture, or connected therewith, and we can-not say he was incompetent to fix the value of the animal.

The judgment appealed from is affirmed.